UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                   Case Number 07-20501-BC
v.                   Honorable Thomas L. Ludington

WAYNE THOMAS DUFFINEY,

    Defendant.
                      /

**<u>ORDER DIRECTING DEFENDANT TO PROVIDE THE NAMES, QUALIFICATIONS,
AND FEES, OF PROPOSED EXPERTS, AND DENYING DEFENDANT'S MOTION
FOR CLARIFICATION AS MOOT</u>**

    Now before the Court are the following motions by Defendant: (1) motion for expert services in vessel towing, tow lines & houser usage [Dkt. # 45], (2) motion for expert services regarding history of pollution of Cheboygan River [Dkt. # 46], and (3) motion for clarification [Dkt. # 47] regarding government's motion to exclude references to Defendant's conflicts with local authorities during trial [Dkt # 31]. The Court met with the parties to discuss the motions and determined that the information provided by the parties in their papers was sufficient for the Court to address the motions.

I

    On December 12, 2007, the government filed a four-count indictment [dkt. # 15] against Defendant. Count I alleges that the Defendant willfully caused and permitted the destruction and injury of his vessel, the Misty Morning, in Lake Huron and the Cheboygan River in violation of 18 U.S.C. § 2274. Count II alleges Defendant knowingly discharged pollutants from his vessel into Lake Huron and the Cheboygan River in violation of 33 U.S.C. §§ 1131(a) and 1319(c)(2)(A). Count III alleges that Defendant sunk, and caused to be sunk, his vessel in navigable channels of

Lake Huron in violation of 33 U.S.C. §§ 409 and 411. Count IV alleges Defendant did not immediately mark the sunken vessel with a buoy or beacon in violation of 33 U.S.C. §§ 409 and 411.

II

On November 26, 2008, the government filed a notice of intent to offer opinion evidence [Dkt. # 44] under Federal Rule of Evidence 701 or 702. The government indicated that it intends to offer opinion evidence through a witness, John Tribfelner, Chief Boatswain's Mate, E-7, of the U.S. Coast Guard. Shortly after the incidents charged in the indictment, and acting in his official capacity, the government states that Tribfelner boarded the vessel used by Defendant to tow the Misty Morning and inspected the lines used in the towing process. According to the government, Tribfelner concluded, based on his training, experience, and personal observation, that the lines had been severed, rather than parted. The government expects Tribfelner to testify that lines used in navigation are made of multiple strands of fiber or metal twisted together to create an aggregate of strength; lines that accidentally part due to age, wear, excessive load, or similar factors, have uneven, frayed ends on the component strands; and that lines that have been severed by a cutting tool or similar device have blunt or sometimes nearly even ends on the component strands.

As a result of the government's notice, Defendant filed a motion to procure an expert in vessel towing, tow lines and houser usage [Dkt. # 45]. Defendant represents that neither he nor the government have the line or lines that were used to tow the vessel. Nonetheless, Defendant seeks the ability to procure an expert who will be able to assist counsel with cross-examination of Tribfelner and, if necessary, to testify regarding the issue. Defendant further requests a reasonable amount of time to procure an expert, any reports on which the government will rely to establish the facts on which Tribfelner will rely in forming his opinion, and that Defendant be afforded a

reasonable time to interview his expert and file any motions deemed necessary as a result of those interviews.

The government objects to Defendant's request on several grounds, including, inter alia, because Defendant has not yet identified an expert, there is little reason to believe such a field of expertise exists, and Defendant's motion should not postpone trial. The government suggests that Defendant should be given a limited amount of time to identify an expert and to provide the Court and the government with information regarding that person's qualifications and fees so that a determination can be made as to whether public funds should be expended to fund that person. The government also indicates that if subsequent discovery provided by Defendant makes it appropriate to do so, the government would seek time to locate an expert of its own to counter the testimony of Defendant's expert.

Based on the above and the Court's discussion with the parties, the Court will grant Defendant thirty days to identify an expert and to provide the Court and the government with the proposed expert's name, qualifications, and fees. The Court will postpone ruling on Defendant's motion until that time.

III

In his motion to procure expert regarding history of pollution of the Cheboygan River [Dkt. # 46], Defendant anticipates that the government will introduce evidence to establish that pollutants may have been discharged into the Cheboygan River during the time that Defendant towed his vessel. Defendant contends an expert is necessary to testify as to the "history of pollutants" in the Cheboygan River and the probable genesis for any pollutants that may have been observed or detected at the time of the incident. Defendant seeks a reasonable time to procure an expert,

interview his expert, and file any necessary motions.

The government responds that such testimony would not be relevant to the offenses with which Defendant is charged, and therefore, not admissible at Defendant's trial. Additionally, the government contends that it would be confusing and misleading to a jury to allow a person who was not present during the events to give testimony that items seen floating away or falling from the vessel may have been "background" pollutants. Finally, the government contends that such testimony would not withstand a *Daubert* challenge.

Based on the above and the Court's discussion with the parties, the Court will grant Defendant thirty days to identify an expert and to provide the Court and the government with the proposed expert's name, qualifications, and fees. The Court will postpone ruling on Defendant's motion until that time. However, the Court cautions Defendant that absent a plausible, supportable defense theory, expert testimony based on the history of pollutants in the Cheboygan River will not be admissible. Also, the government is cautioned that specification of the pollutants is equally critical to Defendant's ability to defend the government's case.

IV

Defendant's final motion before the Court is his motion for clarification regarding the government's motion to exclude references to Defendant's conflicts with local authorities during trial. In the discussion with the government and the Court, Defendant indicated that he may seek to introduce evidence that Defendant had received citations for storing his vessel and that Defendant was attempting to tow the vessel to another location in order to avoid receiving further citations. The Court indicated that such evidence, while not generally not relevant as a defense to the charges against Defendant, might reasonably be admissible as *res gestae* evidence. The Court also indicated

that Defendant's introduction of *res gestae* evidence might also reasonably permit the government to introduce related evidence of Defendant's ability to meet the demands of local authorities in a manner different than that chosen by Defendant. Because the Court clarified the issue in its discussion with the parties, the Court will deny the motion as moot.

V

Accordingly, it is **ORDERED** that Defendant is **DIRECTED** to provide the Court and the government with the names, qualifications, and fees of its proposed experts, in writing, on or before **March 9, 2009**. Defendant should consult Criminal Justice Act Guideline 3.02 concerning allowable fees.

It is further **ORDERED** that Defendant's motion for clarification [Dkt. # 47] is **DENIED AS MOOT**.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: January 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 29, 2009.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS