UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WAYNE T. DUFFINEY,

    Defendant.
_____/

Case Number 07-20501
Honorable Thomas L. Ludington

### ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF, DENYING DEFENDANT'S MOTION FOR A NEW TRIAL, AND DENYING AS MOOT DEFENDANT'S MOTION FOR TRIAL TRANSCRIPT

On December 12, 2007, the government filed a four-count indictment (ECF No. 15) against Defendant Wayne Duffiney. Count I alleges that the Defendant willfully caused and permitted the destruction and injury of his vessel, the Misty Morning, in Lake Huron and the Cheboygan River in violation of 18 U.S.C. § 2274. Count II alleges Defendant knowingly discharged pollutants from his vessel into Lake Huron and the Cheboygan River in violation of 33 U.S.C. §§ 1131(a) and 1319(c)(2)(A). Count III alleges that Defendant sunk, and caused to be sunk, his vessel in navigable channels of Lake Huron in violation of 33 U.S.C. §§ 409 and 411. Count IV alleges Defendant did not immediately mark the sunken vessel with a buoy or beacon in violation of 33 U.S.C. §§ 409 and 411. The case proceeded to jury trial on April 21, 2009, and on April 28, 2009, the jury returned a guilty verdict on Counts II, III, and IV. ECF No. 68. Defendant was subsequently sentenced to 50 months imprisonment. ECF No. 86. Defendant did not file a direct appeal.

Now before the Court is Defendant's motion for a new trial based on newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33(b) or, alternatively, based on the government's possible violation of the *Brady* doctrine. ECF No. 87. Defendant contends that he has

discovered a "Report of Investigation" from the United States Coast Guard which contains the Coast Guard's initial summary and review of the sinking and subsequent aftermath of the vessel shell at issue. Defendant has also filed a motion for leave to file a supplemental brief (ECF No. 90) and the supplemental brief he requests that the Court accept (ECF No. 91). Because Defendant could have alternatively filed his supplemental brief as a reply to the government's response, his request will be granted and the supplemental brief will be accepted as filed. For the reasons provided herein, however, the Court will deny Defendant's motion for a new trial.

To prevail on a motion for a new trial, a defendant must demonstrate that "(1) the evidence was discovered after trial, (2) it could not have been discovered earlier with due diligence, (3) it is material and not merely cumulative or impeaching, and (4) it would likely produce an acquittal if the case was retried." *United States v. Turns*, 198 F.3d 584, 586-87 (6th Cir. 2000). The government contends that Defendant cannot satisfy the first requirement of the four-part test, and Defendant's motion should thus be denied.

Defendant alleges that he obtained the newly discovered evidence through a Freedom of Information Act ("FOIA") request to the Coast Guard after his trial. He also contends that the government violated its discovery obligation by not providing the report to Defendant before trial, and attaches the government's discovery list from October 29, 2007 as Exhibit B to his motion. In response, the government includes as an exhibit a summary of the discovery shared from October 29, 2007, through July 9, 2010, reflecting that the Report of Investigation/Pollution Response Team Report was provided to defense counsel on December 4, 2007, as discovery page numbers 187-88. ECF No. 89 Ex. 1. Defendant requests that the Court hold an evidentiary hearing to determine what knowledge, if any, his defense counsel had of the report at issue. ECF No.91 at 2. This, however,

is unnecessary because Defendant is unable to satisfy the second requirement of the four-part test to prevail on a motion for a new trial.

Even if Defendant obtained the report for the first time through a FOIA request, he has not demonstrated that the request could not have been successfully made before his trial commenced. *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993) (concluding that the affidavits the defendant relied upon as evidence in support of his motion for new trial were insufficient, in part because the evidence could have been discovered earlier with due diligence). Moreover, the government is not required to provide discovery of evidence that can be obtained independently by a defendant in the exercise of due diligence, and a new trial based on an alleged *Brady* violation for failure to provide the report in discovery is unwarranted. *United States v. Corrado*, 227 F.3d 528, 538-39 (6th Cir. 2000)(Defendant not entitled to discovery of evidence where he did not show his inability to identify and locate the evidence with reasonable effort).

Defendant has also filed a motion for the trial transcripts at the government's expense because an unspecified motion he has filed may require review of portions of the transcripts. Because Defendant's motion for a new trial will be denied and Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 relies on the sentencing transcript which has already been provided, his motion for the trial transcripts will be denied as moot.

Accordingly, it is **ORDERED** that Defendant's motion for leave to file a supplemental brief (ECF No. 90) is **GRANTED**. Defendant's supplemental brief (ECF No. 91) is accepted as filed.

It is further **ORDERED** that Defendant's motion for a new trial (ECF No. 87) is **DENIED**.

It is further **ORDERED** that Defendant's motion for trial transcript (ECF No. 88) is **DENIED AS MOOT.**

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: December 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Wayne Duffiney, #41860039, FCI Elkton, P.O. Box 10, Lisbon, OH 44432 by first class U.S. mail on December 21, 2011.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS