# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

WAYNE T. DUFFINEY,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 07-CR-20501
CIVIL CASE NO. 11-CV-14237

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Doc. 95)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II.    REPORT

### A.    Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Wayne T. Duffiney ("Duffiney"). The government responded (Doc. 107). Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

### B.     Background

Duffiney was convicted by a jury on the following three counts of a four-count Amended Second Superseding Indictment: knowingly discharging a pollutant from a point source into the waters of the United States without a permit on or about May 14, 2007, to May 17, 2007, in violation of 33 U.S.C. § 1311(a) (Count 2); sinking or causing the sinking of a vessel called the *Misty Morning* in the navigable channels of Lake Huron on or about May 14 and May 15, 2007, in such a manner that it could prevent or obstruct the passage of other vessels or craft in violation of 33 U.S.C. § 409 (Count3); and failing to immediately mark the *Misty Morning* day and night, on or about May 14 and May 15, 2007, until the wreck was removed from the navigable channels of Lake Huron, as the owner or operator of the vessel in violation of 33 U.S.C. § 409 (Count 4). (Doc. 68.) Duffiney was found not guilty on Count 1 of the indictment, i.e., being the owner or person in charge of a private vessel called the *Misty Morning* on the territorial water of the United States, wilfully causing or permitting the injury or destruction of that vessel between about May 14, 2007, and May 17, 2007. (*Id.*)

After failing to appear for sentencing in September 2009, Duffiney's bond was cancelled and a warrant issued for his arrest. (Docs. 78, 79.) He was arrested in June 2010 in Texas and returned to Michigan for sentencing. (Doc. 81.) Duffiney was sentenced and judgment entered on December 3, 2010, committing him to the Bureau of Prisons for a "term of 36 months on Count 2, and a term of 7 months on Counts 3 and 4 to be served consecutively to each other for a total of 14 months, and to be served consecutively to the term of imprisonment being imposed with respect to Count 2, for a total of 50 months." (Doc. 86 at 3.) Duffiney did not appeal his conviction or sentence.

On September 23, 2011, Duffiney filed the instant motion to vacate his sentence, asserting the following grounds for relief: (1) ineffective assistance of counsel for counsel's failure to present an argument for a downward departure at sentencing based on Duffiney's age, medical ailments, and mental deficiencies; (2) ineffective assistance of counsel for failing to explore plea options with the Assistant United States Attorney ("AUSA") after being asked to do so; and (3) ineffective assistance of counsel for failure to object to statements made by the AUSA at sentencing that flew in the face of the jury's finding that he was not guilty of wilfully causing the destruction of the vessel. (Doc. 95.) On February 6, 2012, Duffiney filed a Motion to Withdraw Ineffective Assistance of Counsel Claim relating to his claim that counsel failed to explore plea negotiations with the AUSA. (Doc. 106.) Duffiney candidly stated that he "concede[ed], after speaking with his family and receiving communication . . . that his attorney did engage in active plea negotiations with the United States" such that his "second claim listed in his § 2255 motion is not meritorious, and, in the interest of justice, must be withdrawn." (*Id.*) The motion was granted on July 12, 2012. (Doc. 116.) Therefore, the second ground raised in the motion is no longer asserted and will not be discussed.

### C.     Standard of Review

In order to prevail on a motion brought under 28 U.S.C. § 2255, a movant must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a claim is raised that was not raised at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless the movant can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2)

actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and

4

prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Id*. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### D.   Analysis and Conclusions

### 1.   Downward Departure

Duffiney contends that counsel was ineffective when he failed to present an argument for a downward departure under U.S.S.G. § 5H1 at sentencing based on Duffiney's age, medical ailments (tremors and Parkinson's Disease), and mental and emotional deficiencies. (Doc. 95 at 21-24.) Duffiney further argues that the fact that he absconded while on bond did not relieve counsel of his duty to argue for the downward departure. (Doc. 95 at 26-27.)

At the sentencing hearing, Duffiney's counsel made several arguments regarding the sentencing guidelines. Counsel first argued against the proposed six-level enhancement for an

ongoing or continuous or repetitive discharge, release or emission of pollutants into the environment under U.S.S.G. § 2Q1.3. (Doc. 92 at 6-13.) The court ultimately "agree[d] with the defendant that 2 level reduction is appropriate, and that it should be scored as an additional 4 level increase to the base offense level" rather than a six-level increase. (Doc. 92 at 13.) Defense counsel also contested application of an increase of eleven levels under U.S.S.G. § 2Q1.3B2 for an offense resulting in a substantial likelihood of death or serious bodily injury. (Doc. 92 at 14-21.) The court ultimately agreed to a "two level reduction so that a nine-level increase is warranted" rather than an eleven-level increase. (Doc. 92 at 22.) Defense counsel also objected to a four-level increase under U.S.S.G. § 2Q1.3B4 for an offense that involved a discharge without a permit. (Doc. 92 at 23-25.) The court ultimately decided to "score the guideline as an additional two points" rather than the potential four points. (Doc. 92 at 28.)

During allocution, defense counsel spoke of the fact that Duffiney had "lost a significant amount of weight" because "the poor man can barely bring food to his mouth" due to his tremors. (Doc. 92 at 33.) Defense counsel also argued at the sentencing hearing and in the sentencing memorandum for a U.S.S.G. § 5K2.20 departure for aberrant behavior. (Doc. 76 at 5-8; Doc. 92 at 29.) In the sentencing memorandum, counsel incorporated portions of the Presentence Investigation Report that summarized "Defendant's Personal and Family Data, Physical Condition, Mental and Emotional Health, Substance Abuse" and other information. Counsel also referred to Petitioner's tremors and uncontrollable shakes in his sentencing memorandum. (Doc. 76 at 7.) I therefore suggest that defense counsel argued for leniency based upon the same factors considered in U.S.S.G. § 5H1. I therefore suggest that counsel's performance met and exceeded the objective standard of reasonableness. I further suggest that even if counsel had specifically referred to §

6

5H1, Duffiney has not alleged or shown that he was prejudiced, i.e., that the alleged error had any effect on the outcome of the proceeding. *See Strickland*, 466 U.S. at 688. I therefore suggest that this ground does not provide support for Duffiney's motion to vacate.

### 2. Objections to Statements Made by the AUSA at Sentencing

Duffiney also contends that counsel was ineffective for failing to object to statements made by the AUSA at sentencing that flew in the face of the jury's finding that he was not guilty of wilfully causing the destruction of the vessel. (Doc. 95 at 29-30.)

At the sentencing hearing, while arguing for an increase because the offense involved discharge without a permit (U.S.S.G. § 2Q1.3B4), the AUSA contended that "[i]f you were going to sink a boat then you have to obtain a permit. That's what the defendant set out to do, that's what the jury verdict says." (Doc. 92 at 26.) Defense counsel immediately responded to that argument by stating,

> [t]he defendant was acquitted of sinking the boat[,] . . . polluting . . . is the issue, not the sinking of a boat. It's not permitted to sink a boat, we're, not creating a reef. The question is whether or not there needs to be a permit to make discharges into the waterways and that's quite a distinction.

(Doc. 92 at 26-27.) The AUSA replied that there is not such a distinction and, as indicated above, the court ultimately decided to "score the guideline as an additional two points" rather than the potential four points. (Doc. 92 at 28.)

Defense counsel strenuously objected to the government's characterization which, he argued, was inconsistent with the jury's not-guilty verdict on the count charging a wilful sinking of the vessel. Counsel was partially successful and cannot be considered ineffective for arguing a point that was partially accepted by the district court. Even if he had not been at all successful, in this circuit, counsel is not ineffective for raising arguments unsuccessfully. *See Hodge v.*

7

*Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court.").

I further suggest that even if counsel had failed to object to the AUSA's statements, Duffiney has not alleged or shown that he was prejudiced, i.e., that alleged error had any effect on the outcome of the proceeding. *See Strickland*, 466 U.S. at 688. I therefore suggest that Duffiney cannot prevail on this basis either.

**E.     Conclusion**

For the reasons stated above, I suggest that Duffiney has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety.

**F.     Evidentiary Hearing**

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by

8

the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Duffiney cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Duffiney is not entitled to an evidentiary hearing on the allegations raised in his motion.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

9

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                              s/ Charles E. Binder
                                              CHARLES E. BINDER
Dated: July 17, 2012                         United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Wayne T. Duffiney #41860039, Elkton FCI, P.O. Box 10, Lisbon, OH 44432.

Date:  July 17, 2012                    By       s/Patricia T. Morris
                                                      Law Clerk to Magistrate Judge Binder