UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                        Case Number 07-20501
                                              Honorable Thomas L. Ludington

v.

WAYNE T. DUFFINEY,

      Defendant.

_____/

**ORDER SUSTAINING THE GOVERNMENT'S OBJECTION, ADOPTING IN PART MAGISTRATE JUDGE CHARLES BINDER'S REPORT AND RECOMMENDATION, AND DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Wayne Duffiney was convicted by a jury on the following three counts of a four-count Amended Second Superseding Indictment: knowingly discharging a pollutant from a point source into the waters of the United States without a permit on or about May 14, 2007, to May 17, 2007, in violation of 33 U.S.C. § 1311(a) (Count 2); sinking or causing the sinking of a vessel called the Misty Morning in the navigable channels of Lake Huron on or about May 14 and May 15, 2007, in such a manner that it could prevent or obstruct the passage of other vessels or craft in violation of 33 U.S.C. § 409 (Count3); and failing to immediately mark the Misty Morning day and night, on or about May 14 and May 15, 2007, until the wreck was removed from the navigable channels of Lake Huron, as the owner or operator of the vessel in violation of 33 U.S.C. § 409 (Count 4). Duffiney was found not guilty on Count 1 of the indictment, i.e., being the owner or person in charge of a private vessel called the Misty Morning on the territorial water of the United States, wilfully causing or permitting the injury or destruction of that vessel between about May 14, 2007, and May 17, 2007.

After failing to appear for sentencing in September 2009, Duffiney's bond was cancelled and a warrant issued for his arrest. He was arrested in June 2010 in Texas and returned to Michigan for sentencing. Duffiney was sentenced and judgment entered on December 3, 2010, committing him to the Bureau of Prisons for a "term of 36 months on Count 2, and a term of 7 months on Counts 3 and 4 to be served consecutively to each other for a total of 14 months, and to be served consecutively to the term of imprisonment being imposed with respect to Count 2, for a total of 50 months." ECF No. 86 at 3. Duffiney did not appeal his conviction or sentence.

September 23, 2011, Duffiney filed the instant motion to vacate his sentence, asserting the following grounds for relief: (1) ineffective assistance of counsel for counsel's failure to present an argument for a downward departure at sentencing based on Duffiney's age, medical ailments, and mental deficiencies; (2) ineffective assistance of counsel for failing to explore plea options with the Assistant United States Attorney ("AUSA") after being asked to do so; and (3) ineffective assistance of counsel for failure to object to statements made by the AUSA at sentencing that flew in the face of the jury's finding that he was not guilty of wilfully causing the destruction of the vessel. Duffiney subsequently filed a Motion to Withdraw Ineffective Assistance of Counsel Claim relating to his claim that counsel failed to explore plea negotiations with the AUSA, which was granted.

Duffiney's motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder issued a report recommending that the Court deny Duffiney's motion on July 17, 2012. ECF No. 591. Judge Binder recommended that Duffiney's motion be denied because (1) Counsel's performance met and exceeded the objective standard of reasonableness and, alternatively, Duffiney has not alleged or shown that he was prejudiced or that any alleged error had an effect on the outcome of the sentencing proceeding and (2) counsel cannot be considered

ineffective for arguing a point that was partially accepted by the district court and, alternatively, Duffiney has not alleged or shown that he was prejudiced or that any alleged error had an effect on the outcome of the sentencing proceedings.

The government filed an objection on July 19, 2012, noting an error in the factual recitation in the report and recommendation.  The government contends that the presentence report explains that Duffiney was apprehended in Costa Rica on June 1, 2010 and was thereafter returned to the United States and brought before a United States Magistrate Judge in Texas for an initial appearance. PSR, ¶¶ 16-17. The report and recommendation incorrectly states that Wayne Duffiney was arrested in Texas. The district court will make a "de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The government correctly notes the inadvertent factual error in the report and recommendation, and its objection will be sustained.

As of today's date, Duffiney has not filed an objection to the report and recommendation. Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations.  28 U.S.C. § 636(b)(1).  The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.*  Where, as here, [a] party [does not] object[] to the report, the district court is not obligated to independently review the record.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

Accordingly, it is **ORDERED** that the government's objection (ECF No. 119) is **SUSTAINED**.

It is further **ORDERED** that Judge Binder's report and recommendation (ECF No. 118) is **ADOPTED IN PART**.

It is further **ORDERED** that Duffiney's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 95) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 7, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Wayne Duffiney, #41860039, FCI Elkton, P.O. Box 10, Lisbon, OH 44432 by first class U.S. mail on August 7, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS